KETUL D. PATEL (SBN 251985)
KDPatel@FoxRothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: 310.598.4150
Facsimile: 310.556.9828

Attorneys for Petitioners

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| UNITED HEALTHCARE SERVICES, INC. AND UNITEDHEALTH GROUP INCORPORATED,<br><br>Petitioners,<br><br>v.<br><br>LEWIS KIM,<br><br>Respondent. | Case No. 2:24-cv-01690<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |
|---|---|

Pursuant to Section 9 of the Federal Arbitration Act, Petitioners United Healthcare Services, Inc. ("UHC") and UnitedHealth Group Incorporated ("UHG") (collectively, "Petitioners"), by and through their counsel, petition this Court to confirm the arbitration award against Respondent Lewis Kim ("Respondent"), dated February 22, 2024, in American Arbitration Association Case No. 01-23-0004-7805, styled *United Healthcare Services, Inc. and UnitedHealth Group Incorporated v. Lewis Kim* (the "Arbitration").

## **THE PARTIES**

1. UHC is a Minnesota corporation with its principal place of business located in Minnesota. UHG is a Delaware corporation with its principal place of business located in Minnesota. UHC is an affiliate and wholly owned subsidiary of UHG. UHC and UHG were Claimants in the Arbitration.

2. Upon information and belief, Respondent is a resident and citizen of California and lives in either La Crescenta, California or Panorama City, California outside of Los Angeles, California. Respondent is a former employee of Petitioners and was the Respondent in the Arbitration.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332 as complete diversity exists between Petitioners and Respondent and there is more than $75,000 in controversy, exclusive of interests and costs. The Court also has jurisdiction under 28 U.S.C. § 1331 because Petitioners asserted a federal cause of action in the Arbitration under the Federal Defend Trade Secrets Act.

4. Venue is proper in this Court pursuant to 9 U.S.C. § 9 because the parties' Arbitration Agreement provides that a "[a]ny party may bring an action in a court of competent jurisdiction . . . to enforce an arbitration award." (Exhibit 1 ¶ 15.) Venue is also proper in this Court because Respondent resides in the district where the Court sits. Venue is also proper in this Court under 9 U.S.C. § 9 because the Arbitration award was made in the district where the Court sits.

5. The Court has personal jurisdiction over Respondent because Respondent resides in the State of California. In addition, the Court has personal jurisdiction over Respondent because Respondent agreed to submit to any "court of competent jurisdiction" in proceedings to confirm the Arbitration Award. (*See* Exhibit 1 ¶ 15.)

## BACKGROUND

6. UHG is a diversified health care company that offers both health care coverage and benefits, as well as information and technology-enabled health services, through a family of closely related affiliate companies. UHC, one of those affiliated companies, is UHG's health care benefits business. It offers health care benefits for individuals, employers, and Medicare and Medicaid beneficiaries.

7. From January 30, 2023, through July 13, 2023, Respondent was employed by Petitioners as a Market Sales Manager Field – Asian Initiatives. When he was hired, Respondent was issued a company-owned laptop to perform his job duties. As a condition of his employment, Respondent signed multiple agreements, including a Code of Conduct, Employee Handbook, various Human Resources policies, and an Employment Arbitration Policy ("Arbitration Agreement"). A true and correct copy of the Arbitration Agreement is attached hereto as **Exhibit 1**.

8. On July 12, 2023, Petitioners terminated Respondent's position for poor job performance and informed him he was required to return all company materials and equipment in his possession. However, after learning of his termination, Respondent forwarded five documents containing Petitioners' highly confidential, proprietary, and/or trade secret information from his work email account to his personal email account.

9. Further, Respondent did not return the company-issued laptop to Petitioners. Petitioners attempted on multiple occasions to obtain the company-owned laptop and any other company materials in Respondent's possession. When those attempts proved unsuccessful, Petitioners initiated Arbitration.

## **THE ARBITRATION**

10. Pursuant to the Arbitration Agreement, Petitioners initiated Arbitration with the American Arbitration Association ("AAA") on October 20, 2023.

11. On November 7, 2023, Petitioners filed a Motion for Injunctive Relief ("Motion"). Through its Motion, Petitioners sought an order that Respondent must (1) return the company-owned laptop, (2) refrain from using any of Petitioners' confidential or proprietary information, (3) destroy any of Petitioners' confidential or proprietary information in his possession, and (4) submit his personal devices for forensic analysis.

12. On December 11, 2023, the AAA appointed Arbitrator Frank Cronin (the "Arbitrator"). A true and correct copy of the AAA's Notification of Appointed Arbitrator is attached hereto as **Exhibit 2**.

13. On February 9, 2024, the Arbitrator held a Case Management Conference and set a briefing schedule for Petitioners' Motion.

14. On February 14, 2024, Respondent submitted his Response to Petitioner's Motion, and on February 20, 2024 Petitioners submitted a reply in further support of the Motion.

15. On February 23, 2024, the Arbitrator ruled on the parties' briefing and issued an order granting Petitioner's Request for Permanent Injunctive Relief ("Arbitration Award"). A true and correct copy of the Award is attached hereto as **Exhibit 3**.

16. In the Arbitration Award, the Arbitrator made various findings and conclusions, including but not limited to:

    A. Respondent had possession of a company-owned laptop that contained a significant amount of Petitioners' proprietary and confidential information when he was terminated;

    B. Respondent transferred Petitioner's documents at the time of termination;

    C. Respondent refused to return the company-owned laptop;

    D. Respondent admitted to using Petitioners' confidential information after termination;

    E. Respondent failed to respond to many of Petitioners' allegations; and

    F. Forensic analysis of Respondent's personal devices was warranted under the facts.

17. Based on said findings and conclusions, the Arbitrator granted United's Request for Permanent Injunctive Relief, and issued an order requiring Respondent to:

    A. Return Petitioners' laptop within two days of the Arbitration Award;

    B. Immediately cease retaining, disclosing, or using any of Petitioners' confidential information;

    C. Immediately destroy all of Petitioners' confidential information in his possession;

    D. Submit his personal devices for a forensic analysis within 60 days of the Arbitration Award.

18. Pursuant to 9 U.S.C. § 9, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

19. The Arbitration Agreement provides that "[a]ny party may bring an action in a court of competent jurisdiction . . to enforce an arbitration award . . . ." (Exhibit 1 ¶ 15.)

20. The Arbitration Award is final, binding, and enforceable under the Parties' Arbitration Agreement and the Federal Arbitration Orders, as Arbitration Awards for injunctive relief, whether temporary or permanent injunctive relief, are considered final orders that can be confirmed and enforced by courts. *See, e.g.*, *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023 (9th Cir. 1991) ("Temporary equitable orders calculated to preserve assets or performance

needed to make a potential final award meaningful . . . are final orders that can be reviewed for confirmation and enforcement by district courts under the FAA.").

21. This Court is of competent jurisdiction, and this Petition is timely because it is filed well within one (1) year after the Arbitration Award. There is no reason that it should not be confirmed in this Court.

22. Respondent has not applied to any court of competent jurisdiction to modify, correct, or vacate the Award pursuant to 9 U.S.C. § 10, and no reason exists to vacate, modify, or correct the Arbitration Award.

23. Accordingly, the Court must confirm the Arbitration Award.

## **PRAYER FOR RELIEF**

WHEREFORE, United respectfully requests that the Court:

1. Confirm the Arbitration Award against Respondent in its entirety;
2. Award United reasonable attorneys' fees and costs herein; and
3. Order such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 1, 2024

**FOX ROTHSCHILD LLP**

*/s/ Ketul D. Patel*
Ketul D. Patel
Attorneys for Plaintiffs